# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER SHIRLEY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 10-cv-0476 |
| FIRST COMP INSURANCE and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**Joyner, J.**                                                **May 19, 2010**

This case has been brought before the Court on Defendants' Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue (Doc. No. 3). For the reasons set forth in the attached Memorandum, Defendants' Motion shall be DENIED.

## Background

Plaintiff has brought this action under the Employee Retirement Income Security Act ("ERISA") to recover short-term and long-term disability benefits that Defendants have denied her. Plaintiff, who lives in Rhode Island, was employed by Defendant First Comp Insurance from May of 2006 until May of 2008. During that time, she participated in a welfare plan that was sponsored and administered by First Comp Insurance, and was underwritten by Defendant Prudential Insurance Company. Defendant First Comp Insurance's principle place of business is

1

in Nebraska, and Defendant Prudential Insurance has its principle place of business in New Jersey.

## **Standard**

Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss for improper venue. Venue is proper in ERISA cases if they are filed "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). When a 12(b)(3) motion is filed, the movant bears the burden of establishing that venue is improper. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).

Alternatively, if venue is proper in the initial forum, 28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Once it has been established that another forum would be proper, the defendant bears the burden of showing, on the balance of identified public and private factors, that considerations weigh "strongly" in favor of transfer. Gulf Oil v. Gilbert, 55 U.S. 501, 508, 67 S. Ct. 839, 843 (1947). The complete list of private factors set forth by Gulf Oil was further articulated by the Third Circuit in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), and includes,

> [T]he plaintiff's forum preference; defendant's preference; whether the claim arose elsewhere; the

2

> convenience of the parties as indicated by their
> relative physical and financial conditions; the
> convenience of the witnesses, but only to the
> extent that the witnesses may actually be
> unavailable for trial in one of the fora; and the
> locations of the books and records.

Named public factors include,

> Enforceability of judgment; practical
> considerations that could make the trial easy,
> expeditious or inexpensive; the relative
> administrative difficulty in the two fora
> resulting from court congestion; the local
> interest in deciding local controversies at home;
> the public policies of the fora; and the
> familiarity of trial judges with the state law for
> diversity cases. Id.

Within this framework, courts have given great deference to the plaintiff's choice of forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252 (1981); Kielczynski v. Consolidated Rail Corp., 837 F. Supp. 687, 689 (E.D. Pa. 1993). Notably, however, when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, as alleged here, the choice is given less weight. Piper Aircraft Co., 454 U.S. at 255-56; Kielczynski, 837 F. Supp. at 689. When the plaintiff is not a resident of the chosen forum, he must make a "strong showing of convenience" in order for his choice to be given deference. Windt v. Qwest Communications Intern., Inc., 529 F.3d 183, 190 (3d Cir. 2008). Additionally, "the convenience of counsel is not a factor to be considered" in deciding a motion to transfer. Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**Discussion**

**Motion to Dismiss**

Defendants' Motion to Dismiss for Improper Venue must be denied. Although, as noted above, there are three different grounds for finding venue in a given district, the parties in this case rely on the third possible justification: that a defendant resides or may be found in the Eastern District of Pennsylvania. Although the Third Circuit has not explicitly addressed the question of what is required for this prong to be met, the Ninth Circuit has done so in <u>Varsic v. United States District Court for the Central District of California</u>, 607 F.2d 245 (9th Cir. 1979), and the Seventh Circuit has more recently addressed and further commented on the <u>Varsic</u> opinion in <u>Waeltz v. Delta Pilots Retirement Plan</u>, 301 F.3d 804 (7th Cir. 2002). The Seventh Circuit summarized this discussion by stating that "[a] fund can be found in a judicial district if it has the sort of 'minimum contacts' with that district that would support the exercise of personal jurisdiction under the rule of <u>International Shoe Co. v. Washington</u>." <u>Waeltz</u>, 301 F.3d at 810 (citation omitted). As both of these opinions seem to have gained wide acceptance and as we find the reasoning contained in them to be sound and persuasive, we will apply this test. Venue in this case, therefore, is proper if a Defendant has sufficient minimum contacts to support the exercise of personal jurisdiction over it

4

in this District.  Further, a literal reading of the statute as well as the congressional intent behind ERISA demands only that a single defendant reside or may be found in this District in order to provide it with venue.  <u>Turner v. CF&I Steel Corp.</u>, 510 F. Supp. 537, 542 (E.D. Pa. 1981).

In the present case, it is clear that Defendant Prudential Insurance can be found in the Eastern District of Pennsylvania, making venue proper here.  Although Defendants strenuously argue that the presence of a P.O. Box in this District is not sufficient to allow this Court to exercise personal jurisdiction over Prudential Insurance, the accuracy of this statement is simply irrelevant to our present consideration as there is another basis that provides this District with the requisite minimum contacts.  Prudential Insurance has a permanent office at 2101 Welsh Road in Dresher, Pennsylvania, which is well within the confines of the Eastern District of Pennsylvania.  Regardless of whether this office was at all involved in the determination of Plaintiff's benefits, maintaining a business within the District is sufficient to provide this Court with general jurisdiction over the instant matter.  <u>See</u> <u>Perkins v. Benguet Consol. Mining Co.</u>, 342 U.S. 437, 446-47 (1952) (finding that the Due Process Clause's requirements for personal jurisdiction can be satisfied if continuous and substantial relations with the forum are exercised, even if the suit at issue did not arise out

of these contacts).  In cases where general jurisdiction exists, it is not necessary to also demonstrate that specific jurisdiction exists.  <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 369 n.1 (3d Cir. 2002).  The maintaining of a business within this District is precisely the kind of permanent, systematic, and continuous contact with a jurisdiction that provides general jurisdiction over that party; Defendant takes advantage of the benefits of doing business in the Eastern District of Pennsylvania, and thereby takes advantage of the laws of the Commonwealth and the services provided by the Commonwealth on a daily basis.  Defendant Prudential Insurance certainly has sufficient minimum contacts with this District to satisfy <u>International Shoe</u>'s requirements for personal jurisdiction. Prudential Insurance, therefore, may be found in the Eastern District of Pennsylvania, and this makes venue proper in the Eastern District of Pennsylvania.  For this reason, Defendants' Motion to Dismiss for Improper Venue will be denied.[1]

**Motion to Transfer Venue**

Given that venue is proper in this District, we may

---

[1] Defendants argue at length that the Eastern District of Pennsylvania is not the proper venue because the District of New Jersey and the District of Rhode Island are better venues.  This, however, is irrelevant to whether venue is proper in this District.  ERISA's venue provision does not require that the venue be in the most convenient forum, nor does it provide that venue can only be proper where a defendant is found if it is not proper in any other district.  Rather, under ERISA, venue is proper in any district where one of the three prongs is met.  In other words, because a Defendant may be found in this District, the fact that the plan is administered or the breach occurred elsewhere has no impact on whether venue is proper.  These facts merely support a finding that multiple venues are appropriate.

entertain a motion to transfer venue to another district in which the case could initially have been brought. Defendants seek to transfer this case to either the District of New Jersey or the District of Rhode Island, as they assert that the plan was administered in both New Jersey and Rhode Island, and any breach occurred in Rhode Island, making venue proper in either of these locations. We will, therefore, proceed to evaluate the factors listed above to determine whether a transfer of venue is warranted in this case.

Starting with the private factors, these do appear slightly to favor transferring the case to the District of New Jersey. First, although Plaintiff's forum preference is the Eastern District of Pennsylvania, as noted above, this preference is not entitled to the same amount of deference that it ordinarily would be, as this District is neither Plaintiff's home nor where the events giving rise to the present litigation occurred. Defendants' preference, on the other hand, is either the District of New Jersey or the District of Rhode Island. Looking at the convenience of these possible fora in comparison to the Eastern District of Pennsylvania—the third factor to consider—it appears that the District of New Jersey would be most convenient. Importantly, this is not merely substituting Defendants' convenience for Plaintiff's. Plaintiff lives in Rhode Island, and does not appear to have any connection to the Eastern

District of Pennsylvania, other than the presence of her attorney in the Commonwealth of Pennsylvania.  As the convenience of a party's lawyer is not to be considered in this analysis, we are unsure of how a transfer to a forum that is closer to Plaintiff's home would be less convenient for Plaintiff.  Although, as a general matter, we prefer not to second guess a Plaintiff's determination of which forum is most convenient for her, in the present case, Plaintiff has given no reason that could lead this Court to conclude that the District of New Jersey or the District of Rhode Island would be inconvenient fora for the present litigation.  Turning to the private factors that do not involve a consideration of the parties, the convenience of the witnesses is only to be considered to the extent that a witness will actually be unavailable in one forum.  As no party has alleged that this will be the case, we will not weigh this factor.  The location of the books and records in this case, on the other hand, does appear to favor a transfer to New Jersey or Rhode Island. Although neither party is particularly detailed in its discussion of this factor, it is at least clear that none of the records or documents are kept in Pennsylvania, and that at least some, if not all, of these records are kept in New Jersey and Rhode Island.

Overall, therefore, the private factors slightly point in favor of transferring the case to the District of New Jersey.

This forum is Defendants' preference and would likely be most convenient for the parties.  It also appears to be where many of the documents and records have been maintained.  Although Defendants have not strongly supported any of these factors, we do believe that on the whole, the private factors seem to favor a transfer of the case.

Turning to the public factors to be considered, it does not appear that these point strongly toward any particular forum.  First, there is no reason to believe that the choice of forum will have any impact on the enforceability of a judgment.  Defendants both operate businesses in Pennsylvania, New Jersey, and Rhode Island, and courts in any of these states could enforce a judgment against both Defendants.  In addition, this Court is not aware of any administrative difficulty or large disparity in court congestion between any of the proposed districts that would favor a transfer.  Further, as this case arises under a federal cause of action, there are no distinctly local interests, local public policies at issue, or any need for the trial judge to be familiar with any state law.  Finally, it does appear that having the case in the District of New Jersey, or possibly in the District of Rhode Island as well, would decrease the cost of the present litigation, and could make it more expeditious to conduct any discovery or other proceedings, as these locations are closer to the parties, witnesses, and documents.  New Jersey,

particularly, appears to be where the majority of the information is located, and is closer to Defendant Prudential as well as to Plaintiff. Taking all of these factors into consideration, the public factors do not strongly support any particular forum for this case, but the one factor that is implicated does slightly point in favor of transferring the case to the District of New Jersey.

Balancing the public and private factors together, we do not think that Defendants have met their burden of establishing that a transfer of forum is justified in this case. Even though Plaintiff's forum preference is not entitled to the same level of deference that it would have been if she had chosen to file suit in her home district or in the place where the cause of action arose, Defendants still bear the burden of establishing that a transfer of venue is justified. In this case, Defendants simply have not done so. In much of the discussion above, we are forced to discuss what appears to be true, what is likely the case, and what is presumably a justification. This language is simply not indicative of Defendants having met their burden.

In addition, Defendants focus almost all of their argument on why the Eastern District of Pennsylvania is not the most desirable forum for this case, but provide virtually no ground for this Court to conclude that either the District of New Jersey or the District of Rhode Island are actually desirable or

convenient fora. Instead, Defendant asserts that "Plaintiff has not met the burden of showing that a change in venue is not warranted." There is no such burden on Plaintiff, however, and Defendants' argument in relation to any such burden on Plaintiff is, unfortunately, irrelevant. Plaintiff only needs to demonstrate that the Eastern District of Pennsylvania is an appropriate forum; if Defendants wish to transfer venue, the burden is entirely on them to establish that such a transfer would be justified. In these circumstances, where we are forced to use conjecture to arrive at the above result in our balancing analysis, and even after relying on this conjecture the weight of the factors only slightly point in favor of a transfer of venue, we simply cannot find that Defendants have met their burden on this Motion. Even without providing deference to Plaintiff's forum choice, we cannot find that any forum is "strongly" favored, and in such circumstances a transfer of venue would be inappropriate.

## Conclusion

For the reasons discussed above, we find that venue is proper in the Eastern District of Pennsylvania, and that Defendants have not met the required burden of persuasion to warrant a transfer of venue. Defendants' Motion, therefore, will be denied.